UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

MICHAEL PERRY COSTELLO,

                       Plaintiff,

       -against-

THE CITY OF NEW YORK, AND THE NEW YORK
CITY  POLICE DEPARTMENT, POLICE OFFICER
MARK C. EMANUELE, SHIELD # 20972, POLICE
OFFICER O'NEIL, SHIELD #8586, SGT. ALRUBAYAL
AND OTHER UNIDENTIFIEDNEW YORK CITY
POLICE OFFICERS, INDIVIDUALLY
AND IN THEIR OFFICIAL CAPACITY,
                     Defendants

Civil Action No.:_____

**COMPLAINT**

**JURY TRIAL DEMAND**

------------------------------------------------------------X

         Plaintiff by his attorney Edward Zaloba, Esq., alleges as follows for his Complaint:

## PRELIMINARY STATEMENT

      1.      This is a civil action against the City of New York, **POLICE OFFICER MARK C.**

**EMANUELE, SHIELD # 20972, POLICE OFFICER O'NEIL, SHIELD #8586, SGT. ALRUBAYAL,**

**AND OTHER UNKNOWN UNIDENTIFIED NEW YORKCITY POLICE OFFICERS,** to

redress the deprivation, under color of state law, of plaintiffs' rights, secured by the civil rights

act of 1871 42 USC §1983 and rights secured under the common law and privileges and

immunities under the United States and New York State Constitutions. This action is grounded

upon wrongful, unlawful, and improper acts including, without limitation, filing false charges,

use of excessive force, unlawful imprisonment, abuse of process and violations of police and

public duties and obligations.

## JURISDICTION

      2.      This action is brought pursuant to 42 U.S.C. §1983, §1985(3), §1986, §1988 and

the First, Fourth, Fifth, Ninth and Fourteenth Amendments to the United States Constitution and pursuant to Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York. Jurisdiction is founded upon 28 U.S.C. §1331 and §1343 and the previously mentioned statutory and constitutional provisions. That jurisdiction is founded upon the existence of a Federal question. Plaintiffs further invoke the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3.      These matters in controversy, each exceed exclusive of interests and costs, the sum or value of ONE HUNDRED THOUSAND ($150,000.00) DOLLARS.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under U.S.C.§1391(b) in that this is the District in which the claim arose.

## PARTIES

5.      That the plaintiff, **MICHAEL PERRY COSTELLO**, is a New York State resident.

6.      At all times hereinafter mentioned, the defendant **CITY OF NEW YORK** was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and that at all times relevant defendants, **POLICE OFFICER MARK C. EMANUELE, SHIELD # 20972, POLICE OFFICER O'NEIL, SHIELD #8586, SGT. ALRUBAYAL** and other unidentified New York City Police Officers were acting for, upon and in furtherance of the business of their employer and within the scope of their employment.

7.      That at all times hereinafter mentioned, the individual defendant(s) Officers **MARK C. EMANUELE, POLICE OFFICER O'NEIL, SGT. ALRUBAYAL** and other unidentified Police

Officers, were employed by the defendant, **CITY OF NEW YORK**, and were duly sworn police officers of said department (NYPD) and  members of its police department and were acting under the supervision of said department and according to their official duties.

8.      That at all times hereinafter mentioned, defendant NYC, its agents, servants and employees operated, maintained and controlled the **NEW YORK CITY POLICE DEPARTMENT (NYPD)**, including all the police officers thereof.

9.      The **NYPD**, is a local governmental agency, duly formed and operating under and by virtue of the Laws and Constitution of the State of New York and the commissioner of the **NYPD** is responsible for the policies, practices and customs of the **NYPD** as well as the hiring, screening, training, supervising, controlling and disciplining of its police officers and civilian employees and is the final decision maker for that agency.

10.     This action arises under the United States Constitution, particularly under provisions of the Fourth and Fourteenth Amendments of the Constitution of the United States, and under federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983, as well as pursuant to the common law of the State of New York and the New York State Constitution.

11.     Each and all of acts of the defendants alleged herein were done by the defendants, while acting as state actors acting under the color of law and within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by the defendant THE CITY OF NEW YORK.

13.     Each defendant officer is being sued in both their individual and official capacities.

14.     That this action is commenced within three (3) years from when said action arose.

## STATEMENT OF FACTS

15.    On January 4, 2012 at approximately 12:01 a.m. near in the vicinity of 231 Neptune Avenue, in the County of Kings, the plaintiff was stopped for an alleged traffic violation.

16.    Upon observing the police lights, plaintiff immediately pulled over at said location.

17.    The plaintiff denied committing any traffic violation.

18.    Plaintiff complied with the defendant officers orders.

19.    The plaintiff was ordered to his knees and complied and thereafter thrown to the ground and thereafter cuffed behind his back.

20.    The plaintiff neither attempted to flee nor resist arrest in any manner.

21.    While cuffed lying on the ground, the plaintiff was viciously kicked by a defendant police officer on the right side of his face causing a fracture of his orbital bone in his right eye.

22.    The defendants use of force was neither reasonable nor justified under the circumstances.

23.    The defendants' assault(s) as well as their use of force were excessive and without legal justification, without the authority of law, and without reasonable necessity to use such force.

24.    The defendant officers as well as unknown officers failed to intervene to prevent violation of plaintiff's civil rights from occurring.

25.    The plaintiff immediately started to bleed and thereafter his face began to swell.

26.    The plaintiff suffered a concussion as a result of said unwarranted assault.

27.    The plaintiff remained cuffed and was removed from the scene and taken to the local precinct.

28.    At the precinct, plaintiff requested medical attention and same was refused by the defendant officers on numerous occasions.

29.    Subsequently thereto an ambulance did arrive and was only permitted to give plaintiff an icepack.

30.    The plaintiff was in great pain and continued to request medical attention.

31.    During plaintiff's incarceration he remained blind in one eye and dizzy as a result of said assault.

32.    The plaintiff was finally taken to Coney Island where he received medical care.

33.    The defendant officers delayed plaintiff's arraignment and caused plaintiff to remained incarcerated for almost two (2) days.

34.    The defendant officers in order to conceal their assault and use of unlawful force conspired and caused false charges to be lodged against the claimant.

35.    The plaintiff was falsely charged with violations of PL §205.30, §270.25 and numerous violations of the vehicle and traffic law.

36.    The defendant officers continued conspiring by preparing false documents and reports to be presented to both the Court as well as to the Brooklyn District Attorney's office.

37.    The plaintiff's injuries were noted and inquired into by the arraigning Judge in Brooklyn Criminal Court.

38.    The plaintiff was eighteen (18) years old with no prior criminal history.

39.     Thereafter plaintiff continued to received medical treatment at Long Island Jewish Hospital.

40.     The plaintiff plead guilty to a violation of VTL 509.1, a violation not a crime.

41.     The full extent of plaintiff's physical injury is unknown at this time.

42.     As a result of the defendants' use of excessive force and the violation of plaintiff's civil rights the plaintiff was caused to suffer irreparable harm, loss of liberty, permanent physical injury, economic injury and other injuries.

<u>**AS AND FOR A FIRST CAUSE OF ACTION**</u>
<u>**ON BEHALF OF PLAINTIFF**</u>

43.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

44.     The conduct and actions of Defendants **POLICE OFFICER MARK C. EMANUELE, SHIELD # 20972, POLICE OFFICER O'NEIL, SHIELD #8586, SGT. ALRUBAYAL,** under color of state law and acting without probable cause, justification, or otherwise privileged, subjected plaintiff to false charges, unlawful extended imprisonment against plaintiff's will and plaintiff was conscious of said confinement, and said conduct and actions were done intentionally, maliciously with a deliberate indifference or with a reckless disregard for the natural and probable consequences of their acts, and subjected plaintiff to conspiracy, acts, and omissions to act without due process of law and in violation of 42 U.S.C. §1983 thereby depriving plaintiff of his rights, privileges and immunities secured by the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution, including, without limitations, deprivation of the following constitutional rights, privileges and immunities:

      (a)     Plaintiff was deprived of his First Amendment right to speak freely and to petition the government for redress of grievances;

(b)     Plaintiff was deprived of his Fourth Amendment constitutional right to be free from unreasonable seizures of his person;

(c)     Plaintiff was deprived of his Fourth Amendment right to be free from the use of excessive or unreasonable force;

(d)     Plaintiff was deprived of his Fourteenth Amendment right to liberty, without due process of law;

(e)     Plaintiff was deprived of his Fourteenth Amendment right to equal protection of law;

45.     As a result of the defendant's conduct, plaintiff MICHAEL PERRY COSTELLO was deprived of liberty, sustained emotional and physical injury, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

**AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF
VIOLATION OF THE PLAINTIFF'S RIGHTS PURSUANT TO
42 U.S.C. §1983 AND THE USE
OF EXCESSIVE AND UNREASONABLE FORCE**

46.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth herein.

47.     That the plaintiff's rights have been violated under the Fourth and Eighth Amendment of the United States Constitution made applicable to the states via the Fourteenth Amendment pursuant to 42 U.S.C. §1983, in that plaintiff was unlawfully subjected to excessive and unreasonable force, by the defendants Officers, and other unknown defendant officers who either intentionally, recklessly or negligently assaulted and battered plaintiff.

48.     That the said assault and battery of the plaintiff was effected by defendants without authority of law and without any reasonable necessity to use any force much less the excessive force that they employed and the force employed was used without legal justification, without plaintiff's consent, with malice and with an intent to inflict pain and suffering.

49.     As a direct result of defendants' actions, plaintiff was deprived of rights, privileges and immunities under the Fourth Amendment of the United States Constitution being more particularly plaintiff's rights to be free from the use of excessive and unreasonable force.

50.     That all the defendants who witnessed the use of excessive force against the plaintiff and who had a reasonable opportunity to intervene and prevent him being injured and who failed to do so are liable to the plaintiff via their failure to exercise their affirmative duty to intervene.

51.     That by reason of the unlawful use of excessive and unreasonable force, the plaintiff was harmed physically, requiring him to received medical attention and he was subjected to physical pain, humiliation, embarrassment, anxiety, closed confinement, and that he will be subjected to continuing physical harm, pain, possible future surgeries and expenses for medical care and will continue to incur expenses for medical care, and that plaintiff was otherwise harmed.

52.     That by reason of the aforesaid, the plaintiff has been damaged in a sum not to exceed FIVE MILLION ($5,000,000.00) DOLLARS, plaintiff is entitled to an award of punitive damages, and that an award of attorney's fees is appropriate pursuant to 42 U.S.C. §1988.

## AS FOR A THIRD CAUSE OF ACTION
## MALICIOUS ABUSE OF PROCESS UNDER 42 USC 1983

53.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

54.     The Defendant officers' issued legal process to place plaintiff under arrest and file certain false charges.

55.     Defendant officers' arrested plaintiff in order to obtain a collateral objective outside the legitimate ends of the legal process.

56.     The Defendant officers' acted with intent to do harm to plaintiff without excuse or

justification.

57.    The Defendant officers' aforementioned actions were conscience shocking and placed plaintiff in apprehension of emotional injuries.

58.    As a result of Defendant's conduct, plaintiff has suffered physical and mental anguish, together with shock, fright, apprehension, embarrassment, humiliation and was otherwise harmed damaged and injured.

## AS AND FOR A FOURTH CAUSE OF ACTION
## LIABILITY OF DEFENDANT CITY
## FOR CONSTITUTIONAL VIOLATIONS MONELL

59.    Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

60.    At all times materials to this complaint, the defendant **CITY OF NEW YORK**, acting through its police department, the **NEW YORK CITY POLICE DEPARTMENT**, had in effect de facto policies, practices, customs and usages that were a direct and proximate cause of the unconstitutional conduct of the defendant police officers.

61.    The aforementioned customs policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included but not limited to the use of excessive unlawful force and thereafter the lodging of false charges, providing false information to prosecutors, falsifying police reports and testifying falsely under oath.

62.    The defendant City of New York, failed to effectively screen, hire, train, supervise and discipline its police officers and employees, including the defendant police officers and employees herein, for their ability to conduct proper and truthful police work, for their ability to investigate properly and for their ability to determine probable cause.

63.    The existence of such de facto policies and/or well-settled and widespread customs and practices has been known to supervisory and police-making officers and officials of the Police Department and the City of New York for a substantial period of time.

64.     Despite knowledge of such illegal de facto policies and practices, the supervisory and police-making officers and officials of the Police Department and the City of New York have not taken adequate steps to terminate these policies and practices, have not disciplined individuals who engage in such practices, or otherwise properly trained police officers with regard to the constitutional and statutory limits on the exercise of their authority, and have instead sanctioned and ratified these policies, customs and practices through their deliberate indifference to or negligent disregard of the effect of said policies, customs and practices upon the constitutional rights of persons in the City of New York.

65.     Defendant NYC as well as unidentified police officers who were supervisors and final decision makers as a matter of policy and practice, have with deliberate indifference failed to properly train, discipline, sanction and retrain police officers, despite their knowledge of the recurring problem of violations of the Constitutional rights of citizens by seizing persons and use of excessive force without justification, filing false charges and falsifying official records etc, and in so failing, the defendant NYC has caused, encouraged, condoned and allowed the defendants in this case to engage in the aforementioned unlawful conduct without fear of consequences for their illegal acts which did cause the plaintiff to be subjected to deprivation of his civil rights.

66.     That the defendant municipality, NYC, alerted to the existence of a significant number of matters involving utilization of excessive force by its police officers, by repeated complaints, of both false arrest and false charges being lodged, and the use of excessive and unlawful force, exhibited deliberate indifference thereto in that it was obvious to NYC that there was a need for more and/or improved supervision of police officers in order to protect against constitutional violations and in spite or repeated complaints of civil rights violations, there have been no meaningful attempts on the part of NYC to investigate or forestall further incidents.

67.     That the defendant municipality, NYC, has also been alerted to the use of malicious prosecution and the filing of false charges brought by its employee officers to cover up the false arrest/charges and/or the use of excessive and unlawful force and unlawful seizures by its police officers, and that the culture of bringing such false charges and malicious prosecuting victims of NYPD false arrests has

been allowed to exist without repercussions to the officers who engage in such behavior.

68.    Moreover, the action of the individual defendants resulted from and were taken pursuant to a de facto policy and/or well-settled and widespread custom and practice of the City of New York, which is implemented by police officers of said City.  Where the use of unlawful and excessive force is concealed by false arrest/charges and malicious prosecution thereafter.  Where the upward mobility of the officers within ranks is accomplished.  This conduct is open and notorious and frequently used by officers to conceal improper conduct by said officers.  This is a well established practice and custom of the defendant NYC police department which has been the subject of a voluminous number of civil rights actions.

69.    The existence of such de facto policies and/or well-settled and widespread custom and practices have been known to supervisory and police-making officers and officials of the Police Department of the City of New York for a substantial period.

70.    Each and every year, thousands of civil rights actions alleging false arrest and unlawful imprisonment and the use of excessive and unlawful force by police officers are brought and "settled" by the defendant New York City.   Each year, the defendant, New York City spends millions of dollars to settle and/or satisfy said actions.   All of the following matters contained allegations of false arrest, unlawful and excessive force and unlawful imprisonment by the defendant New York City police officers: **Corey Avent 04 CV 2451, Michel Smith 04 CV 1045, Reginald McMillian 04 CV 3990, Jimmy Stetnnopoulos 01 CV 0771, Ally, Inshan, Tiwari, Ramdass 04 CV 5643, Loxie Shaw 01 CV 4260, Darius Peterson 08 CV 4397, Christian Moran 05 CV 5281, Andre Bryan 07 CV 4939, John Gucu Roberts 06 CV 2687, and Ramos , Escobar 08 CV 1456, Cabral Duarte06 CV 5523, Theodore Richardson 07CV 3651.**   These matters were settled by the Defendant NYC.  A multitude of similar matters could be cited if necessary.  Of greatest concern, is the fact that the defendant NYC is in possession of all information concerning thousands of similar matters settled.   Furthermore, these facts alone substantiate the fact that not only is the defendant New York City aware of said police practices and usages, but moreso, that defendant NYC has failed to stop said practices and has condoned said practices and usages.

71.    Upon information and belief, and without limiting the foregoing, the City of New York has

specifically failed to terminate said practices in the following manner:

(a) Has failed to properly train, instruct, and discipline police officers with regard to the existence of probable cause;

(b) Has failed to properly train, instruct, and discipline police officers with regard to falsifying police reports and providing misleading information to prosecutors.

(c) Has failed to properly train, instruct, and discipline police officers with the use of excessive and unlawful force;

(d) Has failed to properly train, instruct, and discipline supervising officers with regard to their review of charges and reports of matters involving injury to persons and of use of force and excessive force thereon;

(e) Has failed to properly instruct, and discipline police officers with regard to perjuries testimony and police reports;

(f) Has permitted police officers to maintain the "blue wall of silence" and to conceal and fail to report the misconduct of other police officers;

(g) Has structured procedures and standards at the Civilian Complaint Review Board, the Office of Chief of Department, and Internal Affairs in such a manner that an officer's denial of the charges is ordinarily sufficient to remove the threat of any discipline or restraint upon the officer's conduct and to prevent any objective review of the officer's conduct.

(h) Has failed to require police officers to accept independent and objective review of civilian complaints and imposition of discipline.

(i) Has failed to properly structure the police department to review and discipline the existence of unlawful conspiracy by defendant officers.

72. Defendant City of New York is directly liable and responsible for the acts of defendants because it has repeatedly and knowingly failed to properly supervise, train and discipline said officers and because it repeatedly and knowingly failed to enforce the rules and regulations of the New York City Police Department and the laws of the State of New York and the United States.

73. The knowing and repeated failure of the defendant City of New York to properly supervise, train and discipline said officers actually caused the injuries to plaintiff alleged herein.

74. Upon information and belief, defendant City of New York knew or should have known that

the acts alleged herein would deprive plaintiff of his rights without due process of law, in violation of the First, Fourth, Fifth, Ninth, and Fourteenth Amendments to the United States Constitution and Article 1, §§1, 6, 8, 9, 11 and 12 of the Constitution of the State of New York, including, without limitation, such rights as plaintiff's rights to freedom from loss of liberty, freedom of speech, rights to petition for redress of grievances, right to be free from unreasonable seizures and the use of excessive force, right to due process, and right to equal protection of the laws.

75.     The defendant City of New York is also directly liable and responsible for the acts of defendants under the doctrine of respondeat superior.

76.     As a result of the foregoing conscious policies, practices, customs and./or usages, defendant CITY OF NEW YORK has permitted and allowed the employment and retention of individuals as police officers and employees whose individual circumstances place the public or segments thereof at substantial risk of being the victims of unlawful and/or unreasonable behavior.  Such polices, practices customs and/or usages are a direct and proximate cause of the conduct alleged herein and otherwise a direct and proximate cause of the injuries to the plaintiff herein.

77.     As a result of the foregoing, plaintiff was deprived of liberty, sustained great emotional and physical injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

## AS AND FOR A FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF
## NYS CONSTITUTIONAL VIOLATIONS

78.     Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

79.     Defendants subjected plaintiff to the foregoing conspiracies, acts, and omissions to act without due process of law, thereby depriving plaintiff of rights, privileges and immunities secured by Article 1, §§1, 6, 8, 9, 11 and 12 of the New York State Constitution, including, without limitation, the following deprivations of his rights, privileges and immunities:

    (a)     Plaintiff was deprived of his rights to speak freely and to petition the government for redress of grievances, in violation of §§ 8 and  9 of the Constitution of the State of

New York;

(b)    Plaintiff was deprived of his rights to be free unreasonable seizures of his person; in violation of § 12 of the Constitution of the State of New York;

(c)    Plaintiff was deprived of his rights to be free from the use of excessive or unreasonable force in the course of an unlawful seizure,  in violation of § 12 of the Constitution of the State of New York;

(d)    Plaintiff was deprived of his rights to liberty, without due process of law, in violation of §6 of the Constitution of the State of New York;

80.    As a result of the defendants' conduct, **MICHAEL PERRY COSTELLO** was deprived of liberty, sustained great emotional and physical injury including mental suffering, humiliation, embarrassment, and was otherwise harmed, damaged and injured.

## AS AND FOR A SIXTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF,
## FAILURE TO INTERVENE

81.    Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.


82.    Each and every individual defendant officer(s) had an affirmative duty to intervene on plaintiff's behalf to prevent the violation of his constitutional rights.

83.    The individual defendant officer(s) failed to intervene on plaintiff **MICHAEL PERRY COSTELLO's** behalf to prevent the violation of his constitutional rights despite having a realistic opportunity to do so.

84.    As a result of the aforementioned conduct of the individual defendants, plaintiff's constitutional rights were violated and he was subjected to false charges, unlawful imprisonment, and excessive and unlawful force.

## AS AND FOR PLAINTIFF CLAIM FOR PUNITIVE DAMAGES

85.    Plaintiff repeats, reiterates and incorporates by reference each and every allegation contained in the prior paragraphs with the same force and effect as is more fully and at length set forth set forth herein.

86.    The aforesaid acts of the defendant officers in violation of plaintiff's First, Fourth and Fourteenth Amendment Rights under the United States Constitution (42 U.S. C. Section 1983) and pendent laws and statues of the State of New York, showed a willful and wanton disregard to the reputation and well being of the plaintiff for which he also seeks punitive damages.  The acts, conduct and behavior of the defendant officers were performed knowingly, intentionally and maliciously by reason of which the plaintiff is entitled to an award of punitive damages where applicable.

## VICARIOUS LIABILITY

87.    Plaintiff incorporates by reference the allegations set forth in each preceding paragraph of this complaint as if fully set forth herein.

88.    The defendants' employed by NYC Police Department, an agency of the Defendant City of New York, unlawfully filed false charges and used unlawful excessive force; therefore, under doctrine of vicarious liability, the defendant City of New York is liable for all acts occurring after and during the unlawful use of excessive force and the excessive unlawful imprisonment.

89.    As a result of the foregoing, plaintiff was falsely charged, unlawfully imprisoned, physically injured by the use of unlawful force and plaintiff sustained great emotional and physical injuries, was subject to great humiliation, and was otherwise harmed, damaged and injured.

**WHEREFORE**, the plaintiff demands judgment:

A.    Compensatory damages in the amount of TWO MILLION  ($2,000,000) DOLLARS;

B.    Punitive damages in the amount of TWO  MILLION ($2,000,000) DOLLARS;

C.    The convening and empanelling of a jury to consider the merits of the claims herein;

D.    Costs and interest and attorney's fees;

E.    Such other and further relief as this court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interests of justice.

Dated: Queens, New York
     November 20, 2012

Yours, etc.,

EDWARD ZALOBA, Esq.
118-21 Queens Boulevard, Ste. 504
Forest Hills, New York 11375
(718) 261-3000